IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JEYAKUMAR RATHINAM, et al., | * | CASE NO. 3:14 CV 103 |
| | | (Judge Rose) |
| Plaintiffs, | * | |
| | | **INTERVENING DEFENDANT** |
| -vs- | * | **WHITAKER'S MOTION FOR** |
| | | **LEAVE TO SUPPLEMENT** |
| ASHOK SPIRITUAL HEALING CENTER, | * | **COUNTERCLAIM AND CROSS-** |
| | | **CLAIM** |
| Defendant. | * | |

———————————————

Intervening Defendant Lloyd Whitaker as Trustee moves under FRCP 15(d) to supplement his counterclaim and cross-claim.  His proposed supplemental counterclaim and cross-claim is attached.


**MEMORANDUM**

As discussed in the January 23, 2015 phone conference, the Trustee hoped to be able to dismiss his counterclaim and cross-claim after seeing the "settlement agreement" referenced in the plaintiffs' motion to dismiss the complaint.  Having now seen that agreement, however, the Trustee must keep prosecuting his counterclaim and cross-claim.  In fact, he must supplement it to address new things the plaintiffs and Defendant ASHC have done that came to light only when the Trustee received a copy of the "settlement agreement" last week.

The new occurrence the Trustee needs to address is a mortgage ASHC gave the plaintiffs on December 29, 2014 in violation of an injunction from Judge Langer of the Montgomery County Common Pleas Court.  The mortgage concerns the "Paru Tower" building the Trustee is trying to sell through state-court proceedings in aid of execution.  The supposed debts the mortgage secures are those on which the plaintiffs sued in this case, debts the Trustee will prove non-existent.  Judge Langer's injunction in the state-court case prohibited ASHC from transferring any interest in the building.  The plaintiff's counsel in this case was ASHC's counsel in that case when Judge Langer entered the injunction.  ASHC's counsel in this case handled ASHC's failed appeal from Judge Langer's injunction.[1]  The plaintiffs and ASHC, accordingly, knew or should have known of the injunction they are violating.  The mortgage obstructs and delays the efforts to obtain a judicial sale of Paru Tower, and will continue to delay it until the mortgage is set aside.

When a party wishes to make a new claim in a case, based on something that happened after the case was already underway, Rule 15(d) permits that party to seek leave to file a supplemental pleading:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

---

[1] The reference to the attorneys is meant only to show that the plaintiffs and ASHC know, through their attorneys, about the injunction.  The reference is not meant to personalize this case.  Mr. Wittenberg is one of the most honest and ethical attorneys I know.  By saying that, moreover, I do not mean to slight my colleague Mr. Linnen, whose job is a thankless one.

The court should grant leave here for at least two reasons.  First, doing so will render moot ASHC's motion (Doc. 25) to dismiss the original counterclaim and cross-claim.  In that motion, ASHC said everything the Trustee sought would be rendered moot by the proposed dismissal of the complaint with prejudice, which the Trustee does not oppose.  That concern will disappear upon the filing of the supplemental counterclaim and cross-claim.

Second, denial of the motion to supplement would force the Trustee to file the claim anew, as a plaintiff in a new lawsuit.  That course would involve the huge judicial diseconomy associated with trying to serve the plaintiffs under Rule 4.  Most of them are supposedly located in India, where local formalities of process will carry great expense; the addresses given for them in both the complaint and in the mortgage are already known, in some cases, to be wrong; and the last time the Trustee had to serve process on just three entities associated with Annamalai, their avoidance of service prolonged things from early July 2013 to mid-October 2013.  *Whitaker v. Paru Selvam*, 2d Dist. App. Nos. 26103 and 26108, 2014-Ohio-3263, ¶16.  Granting this motion, by contrast, will allow service to be made under Rule 5, through e-service on the plaintiffs' counsel in a case in which the plaintiffs, by suing, have already submitted themselves to this court's jurisdiction.  (The Trustee asks that the court defer Mr. Wittenberg's withdrawal as the plaintiffs' counsel until the supplemental counterclaim and cross-claim is filed and that, upon his withdrawal, correct addresses be provided so the court and the other parties may serve the plaintiffs with future filings.)

The same standard applicable to motions for leave to amend under Rule 15(a) applies to motions for leave to supplement under Rule 15(d).  *Spies v. Voinovich*, 48 F.Appx. 520, 527 (6th

Cir. 2002), citing *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996).  That standard is

an indulgent one:

> In the absence of any apparent or declared reason – such as undue
> delay, bad faith or dilatory motive on the part of the movant,
> repeated failure to cure deficiencies by amendments previously
> allowed, undue prejudice to the opposing party by virtue of
> allowance of the amendment, futility of the amendment, etc. – the
> leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, none of the variables of which *Foman* speaks

militate against supplementation.  There has been no delay, as the Trustee just learned about the

mortgage last week after receiving ASHC's and the plaintiffs' "settlement agreement."  There

has been and can be no allegation of bad faith on the Trustee's part.  No prejudice will befall

anyone; the lawsuit will take place regardless, with the same parties, whether through

supplemental pleading in this case or, less economically, through the initiation of a new case.

And the supplemental complaint states a meritorious claim.

  The Trustee is today moving for contempt sanctions in the state-court case against ASHC

and the ASHC officer, Annamalai's son, who signed the mortgage.  A copy of that contempt

motion is attached hereto.  (God willing, the state-court contempt proceeding will prompt the

plaintiffs and ASHC to cancel the mortgage, which might render this matter moot.)  The

plaintiffs, however, are not parties in the state-court case.  They will surely profess ignorance of

the injunction and of the cases in which the injunction was entered, and they will likely do their

best to avoid service of any state-court process, whether in contempt or otherwise.  That is an

additional, practical reason why the Trustee seeks to invoke this court's diversity and

supplemental jurisdiction.  Service of the supplemental counterclaim and cross-claim in this case

on the plaintiffs' attorney under Rule 5 will be all the service that need be made in order to avoid the delay that appears to be their and Annamalai's goal.

The Trustee moved to intervene, and this court let the Trustee do so, because the Trustee feared that the plaintiffs and ASHC were up to *something* to delay the Trustee's state-court execution efforts. Most of the plaintiffs are already known to be pawns of Intervening Plaintiff Annamalai. For example, Plaintiffs Rathinam, Soorasangh, and Manikandan are all associated with Annamalai's Texas "temple"[2]; Plaintiff Indian Handicrafts, Plaintiff Hindu Temple and Community Center of High Desert, and Plaintiff Vishal & Paru are three of Annamalai's companies; Plaintiff Kalyani Annamalai is his mother; the address the mortgage gives for Plaintiff Venkatachalam is Paru Tower, the very building, long vacant, that the Trustee is trying to sell; Plaintiff Nagaraj is the registered agent of Defendant ASHC[3]; and Plaintiffs Venkatachalam and Jayachandran filed huge proofs of claim, later found fraudulent, against the bankruptcy estate administered by the Trustee. *Whitaker v. Annamalai*, Adv. Proc. No. 09-9080, "Findings of Fact and Conclusions of Law," p.17, Sept. 24, 2012 (Bky. N.D. Ga.) ("The evidence presented by Plaintiff strongly suggests that these Defendants filed fraudulent claims."). The company those plaintiffs have sued at Annamalai's urging, ASHC, is so identified with Annamalai that service on him was deemed to be service on ASHC. *Whitaker v. Paru Selvam*, *supra*, 2014-Ohio-3263, ¶'s 31-37. Parvathi Sivanadiyan, who signed the "notes" giving rise to

---

[2] http://www.corporationwiki.com/p/2g1pjn/jeyakumar-rathinam.

[3] http://www.bizapedia.com/addresses/7600-BAYWAY-DRIVE-BAYTOWN-TX-77520.html.

5

the "debts" underlying the mortgage, is Annamalai's wife (*id.*, ¶24, n.1), while Ashok Annamalai, who signed the mortgage, is his son.

The mortgage, and the wrench it unlawfully throws into the Trustee's execution efforts, shows that the anxieties that led the Trustee to intervene were well-founded. He should be permitted to file his supplemental counterclaim and cross-claim.

<div style="margin-left:40%">

Respectfully submitted,

/s/ Ronald J. Kozar (0041903)     .
Kettering Tower, Suite 2830
40 North Main Street
Dayton, Ohio 45423
(937) 222-6764 phone
(937) 222-6765 fax
ronald.kozar@gmail.com
Attorney for Intervening Defendant Lloyd
Whitaker, Trustee, etc.

</div>

## CERTIFICATE OF SERVICE

When filed, this document was served electronically on all counsel. A copy was also served by regular mail on Annamalai Annamalai, 11866 Hastings Bridge Road, Lovejoy, Georgia 30250 on March 11, 2015.

<div style="margin-left:40%">

/s/ Ronald J. Kozar     .

</div>