UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEYAKUMAR RATHINAM, et al.,

    Plaintiffs,

-v-

ASHOK SPIRITUAL HEALING CENTER,

    Defendant.

Case No. 3:14-cv-103

Judge Thomas M. Rose

**ENTRY AND ORDER GRANTING THE TRUSTEE'S MOTION FOR LEAVE TO SUPPLEMENT (Doc. #26); GRANTING THE NAMED PLAINTIFFS' MOTION TO DISMISS THEIR COMPLAINT (Doc. #19); GRANTING MR. WITTENBERG'S MOTION TO WITHDRAW (Doc. #22) AND OVERRULING ASHC'S MOTION TO DISMISS AND FOR STAY OF COURT'S FEBRUARY 26, 2015 ORDER (Doc. #25) WITHOUT PREJUDICE TO RENEWAL**

There are several motions pending in this matter. Each will be addressed herein.

### MOTION FOR LEAVE TO SUPPLEMENT

Intervening Defendant Lloyd Whitaker as Trustee (the "Trustee") has filed a Motion for Leave To Supplement Counterclaim and Cross-Claim. (Doc. #26.) This Motion has been opposed by Defendant Ashok Spiritual Healing Center ("ASHC"). (Doc. #28.) The Trustee has replied to ASHC's opposition. (Doc. #29.) The time has run and no other opposition has been filed. The Trustee's Motion for Leave To Supplement is, therefore, ripe for decision.

The Trustee seeks to file a supplemental counterclaim and cross-claim based upon his viewing of the Settlement Agreement supposedly reached by the Plaintiffs and ASHC. The Trustee was provided a copy of the Settlement Agreement pursuant to a Court Order granting a Motion To Compel. (Doc. # 24.)

Fed. R. Civ. P. Rule 15(d) authorizes a court to, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading being supplemented. Further, the same standard applies to motions for leave to amend under Rule 15(a) and motions to supplement under Rule 15(d). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002).

Pursuant to Rule 15(a), leave to amend is to be "freely given when justice so requires." Leave is freely given in the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies; undue prejudice to the opposing party or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

ASHC opposes the Trustee's Motion To Supplement because the Trustee lacks standing in this case, his claims are moot and the Trustee failed to join a necessary party. While these, alone, are not good reasons to decline a motion to supplement, they will be discussed.

The standing argument has already been addressed, if not indirectly, when the Court decided to permit the Trustee to intervene, which was a motion not opposed by ASHC. ASHC does not fully explain its mootness and failure-to-join arguments in its opposition and instead refers the Court to a previously-filed Motion To Dismiss. Yet, as determined below, the previously filed Motion To Dismiss is dismissed without prejudice to renewal. Thus, if ASHC wishes the Court to consider its arguments, it can make them in a renewed motion to dismiss.

Without any meaningful opposition, the Court has no reason to not grant the Trustee's Motion To Supplement. Therefore, the Trustee's Motion for Leave To Supplement Counterclaim and Cross-claim. (doc. #26) is granted. The Trustee is given until not later than seven (7) days

following entry of this order to file his Supplemental Counterclaim and Cross-claim.

## MOTION TO DISMISS

On December 23, 2014, certain named Plaintiffs sought to dismiss their Complaint. (Doc. #19.) This Motion is unopposed. Therefore, Plaintiffs' Motion To Dismiss (doc. #19) is granted. The Complaint brought by the named Defendants is dismissed.[1] The Counterclaims and Cross-Claim brought by the Trustee remain to be adjudicated.

## MOTION TO WITHDRAW

On January 27, 2015 Attorney Eric J. Wittenberg moved to withdraw from this case. (Doc. #22.) He seeks to withdraw because he agreed to represent the named Plaintiffs in an action against ASHC and that action has been resolved. Further, he says he never agreed to represent the named Plaintiffs in any litigation with the Trustee. Mr. Wittenberg also says that he cannot work with the intervening Plaintiff. Finally, Mr. Wittenberg asserts that his continued participation in this case will case him substantial financial harm.

The time has run and there has been no response by any Party or Intervenor to Mr. Wittenberg's Motion To Withdraw. Mr. Wittenberg's Motion To Withdraw (doc. #22) is therefore, for good cause shown, granted.

## MOTION TO DISMISS

On March 2, 2015, ASHC filed a Motion To Dismiss the Trustee's Counterclaim and Cross-Claim and For Stay of Court's February 26, 2015 Order. (Doc. #25.) This Motion is unopposed but the Trustee has filed a Motion To Supplement his Counterclaim and Cross-Claim

---

[1] The Court notes that Intervening Plaintiff Annamalai Annamalai is not involved in this dismissal.

(doc. #26) which has been granted above.

Because leave has been given to amend the Counterclaim and Cross-Claim, a motion to dismiss the original Counterclaim and Cross-Claim and for a stay is moot. Therefore, ASHC's Motion To Dismiss and For Stay of Court's February 26, 2015 Order (doc. #25) is overruled as moot without prejudice to refiling not sooner than after the time has run for the Trustee to file a Supplemental Counterclaim and Cross-claim.

**DONE** and **ORDERED** in Dayton, Ohio this Ninth Day of April, 2015.

                                                          s/Thomas M. Rose
                                           _____
                                                THOMAS M. ROSE
                                    UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Annamalai Annamalai a/k/a Sri Selvam Siddhar at her/his last known address