UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEYAKUMAR RATHINAM, et al.,

        Plaintiffs,

v.

ASHOK SPIRITUAL HEALING CENTER,

        Defendant.

Case No. 3:14-cv-103

Judge Thomas M. Rose

_____

**ENTRY AND ORDER DENYING INTERVENING PLAINTIFF ANNAMALAI ANNAMALAI'S MOTION FOR ORDER TO SHOW CAUSE (DOC. 38); GRANTING THE TRUSTEE'S MOTION TO STRIKE (DOC. 44) THE AMENDED COMPLAINT (DOC. 39) AND THIRD-PARTY COMPLAINT (DOC. 40); DENYING INTERVENING PLAINTIFF ANNAMALAI ANNAMALAI'S MOTION TO STRIKE (DOC. 50); AND ORDERING THE CLERK AND PARTIES TO SERVE INTERVENING PLAINTIFF ANNAMALAI ANNAMALAI BY U.S. MAIL IN ADDITION TO THE COURT'S ECF SYSTEM**

_____

This case is before the Court on the following three motions:

- Intervening Plaintiff Annamalai Annamalai's ("Annamalai") Motion For An Order To Show Cause (Doc. 38), which seeks an order requiring Intervening Defendant Trustee Lloyd Whitaker (the "Trustee") and his attorney Ronald Kozar to show cause as to why they should not be held in contempt for bringing claims in violation of an order of a Georgia bankruptcy court;

- The Trustee's Motion To Strike (Doc. 44) Annamalai's Complaint (Doc. 39) and Third-Party Complaint (Doc. 40); and

- Annamalai's Motion To Strike The Motion To Strike Filed By Defendant "Whitaker" & Annamalai's Motion To Request For Sanctions (Doc. 50).

On June 3, 2015, the Trustee filed a response (Doc. 43) to Annamalai's Motion For An Order To Show Cause (Doc. 38).  On June 29, 2015, Annamalai filed three documents:  (1) a reply (Doc. 51) to the Trustee's response to the Motion For An Order To Show Cause, (2) a response (Doc. 49) (which he titled a "reply") to the Trustee's Motion To Strike, and (3) a Motion to Strike (Doc. 50)

the Trustee's Motion to Strike Annamalai's Amended Complaint and Third-Party Complaint. The Trustee has not yet replied to Annamalai's response (Doc. 49) or responded to Annamalai's Motion To Strike (Doc. 50). Further briefing on those motions is unnecessary, however, as the Court finds that the Trustee's Motion To Strike has merit and should be granted. These matters are therefore ripe for the Court's review.

I. **ANNAMALAI'S MOTION FOR AN ORDER TO SHOW CAUSE (DOC. 38) IS DENIED**

Annamalai claims that the Trustee and his attorney are in violation of an Order of the Bankruptcy Court for the Northern District of Atlanta, Georgia and seeks an order from this Court holding them in contempt of the Bankruptcy Court's Order. (Doc. 38.) 18 U.S.C. § 401 grants this Court the power to hold parties in contempt for "disobedience or resistance to *its* lawful writ, process, order, rule, decree, or command" (18 U.S.C. § 401 (3) (emphasis added). As this Court did not issue the Order that Annamalai claims was violated, it will not hold the parties in contempt for any alleged violation of that Order – and the Court does not express any opinion as to whether or not any such violation has occurred. Similarly, Annamalai's claims of impropriety in the Montgomery County Common Pleas Court are beyond the reach of this Court's authority to hold parties in contempt. If Annamalai believes that the Trustee has violated some other court's order, the proper course of action would be for him to seek relief from the corresponding court.

Even if Annamalai's Motion For An Order To Show Cause were properly before this Court, the Court finds that the motion is now moot due to the Trustee's withdrawal of his claims in this case. The basis for Annamalai's Motion For An Order To Show Cause is that the Trustee is seeking relief in this case that he had agreed not to pursue when he was before the Bankruptcy Court. The Trustee, however, is no longer seeking any relief in this case. On June 29, 2015, the

Court granted the Trustee's Motion to Dismiss his Counterclaim and Cross-Claims without prejudice, and permitted the Trustee until July 3, 2015, to file an Amended Counterclaim and Cross-Claims if he wished to do so.   (Doc. 46.)   The Trustee has not filed an Amended Counterclaim and Cross-Claims, and the deadline to do so has passed.   As the Trustee is not pursuing any claims in this action, he cannot be seeking any relief prohibited by the Bankruptcy Court's Order.   Annamalai's motion is therefore moot, in addition to being before the wrong court.

The Court denies Annamalai's Motion For An Order To Show Cause (Doc. 38).

## II.     THE TRUSTEE'S MOTION TO STRIKE (DOC. 44) THE AMENDED COMPLAINT AND THIRD-PARTY COMPLAINT IS GRANTED

The Trustee moves to strike Annamalai's Complaint (Doc. 39) for failure to obtain leave of Court pursuant to Fed. R. Civ. P. 15(a)(2).   Rule 15 permits a party to amend its complaint once "as a matter of course" within 21 days after service; or 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1).   The original Complaint in this case was filed on March 31, 2014. Annamalai filed the Complaint at issue on May 20, 2015, long after the time in which he could file an amended complaint "as a matter of course" under Rule 15(a)(1).   Rule 15(a)(2) states that, "in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."   Annamalai neither obtained the opposing parties' consent to file the Complaint (Doc. 39) – which would serve as an Amended Complaint in this case – nor obtained leave of Court to do so.   The Trustee's Motion To Strike is granted.

The Trustee moved to strike Annamalai's Third-Party Complaint (Doc. 40) because "third party practice under Fed. R. Civ. P. 14(a) is confined to situations in which a pleader seeks

3

indemnity from a nonparty." (Doc. 44, PAGEID 796.) The Court agrees. A third-party complaint may be filed when a nonparty is liable to a party to a lawsuit for all or part of a claim against that party. Fed. R. Civ. P. 14(a). Annamalai does not have any claims against him in this case, and the Trustee, which might have pursued a counterclaim against Annamalai, has declined to do so. As there no claims for which Annamalai might seek indemnity from a nonparty, the Court grants the Trustee's Motion To Strike the Third-Party Complaint as improper under Fed. R. Civ. P. 14(a).

### III.     ANNAMALAI'S MOTION TO STRIKE (DOC. 50) THE TRUSTEE'S MOTION TO STRIKE

Annamalai moved to strike the Trustee's Motion To Strike (Doc. 44) under Fed. R. Civ. P. 5(a)(1)(B) and 5(a)(1)(D). (Doc. 50.) Rule 5(a)(1)(B) states that "a pleading filed after the original complaint" must be served on every party, unless the court orders otherwise under Rule 5(c) (which applies to cases involving numerous defendants). Rule 5(a)(1)(D) states that "a written motion, except one that may be heard ex parte" must be served on every party. Annamalai argues that the Trustee failed to serve copies of the Motion To Strike (Doc. 44) on Annamalai, and therefore the Court should strike the Motion To Strike (Doc. 44) for lack of service. Annamalai's timely and substantive response to the Trustee's Motion To Strike belies the argument that he has been prejudiced by any alleged lack of service. (Doc. 49.) Nonetheless, Annamalai states that he is unable to receive service through the Court's ECF system and only receives copies of the filings in this case through an unidentified "friend." (*Id.*)

As the record shows that Annamalai was not prejudiced by any alleged lack of direct service upon him, the Court denies Annamalai's Motion To Strike (Doc. 51). The Court notes that there is no indication that Annamalai has not received service of any of the other papers filed

4

in this case. In addition, the Court has considered Annamalai's responses to pending motions, even when those responses have been untimely. (*See*, *e.g.*, Doc. 48 (considering Annamalai's untimely objections to the Trustee's motion to dismiss his Counterclaim and Cross-Claim without prejudice).) In order to avoid any further motion practice regarding this issue, however, the Court directs the Clerk and the parties to serve Annamalai by U.S. Mail with any papers filed in this action, in addition to filing and serving them via the Court's ECF service.

### IV. <u>CONCLUSION</u>

For the reasons stated above, the Court rules as follows:

- Annamalai's Motion For An Order To Show Cause (Doc. 38) is DENIED;

- The Trustee's Motion To Strike (Doc. 44) is GRANTED;

- The Court STRIKES Annamalai's Complaint (Doc. 39) and Third-Party Complaint (Doc. 40);

- Annamalai's Motion To Strike (Doc. 50) is DENIED; and

- The Clerk and parties are ORDERED to serve Annamalai with any filings in this case by U.S. Mail, in addition to filing and serving them via the Court's ECF system.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, July 8, 2015.

> s/Thomas M. Rose
> _____
> THOMAS M. ROSE
> UNITED STATES DISTRICT JUDGE