UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEYAKUMAR RATHINAM, et al.,

        Plaintiffs,

v.

ASHOK SPIRITUAL HEALING CENTER,

        Defendant.

Case No. 3:14-cv-103

Judge Thomas M. Rose

_____

ENTRY AND ORDER DENYING INTERVENING PLAINTIFF ANNAMALAI
ANNAMALAI'S MOTION FOR RECONSIDERATION (DOC. 53)
AND TERMINATING CASE
_____

Before the Court is Intervening Plaintiff Annamalai Annamalai's ("Annamalai") Motion For Reconsideration (Doc. 53), which asks the Court to amend its Order (Doc. 52) striking Annamalai's Complaint (Doc. 39) for failure to comply with the Federal Rules of Civil Procedure. Intervening Defendant Lloyd Whitaker, Trustee for the Estate of Hindu Temple and Community Center of Georgia, Inc. (the "Trustee") opposed Annamalai's Motion For Reconsideration. (Doc. 54.) Annamalai did not respond to the Trustee's opposition, and the time for him to do so has expired. The Motion For Reconsideration (Doc. 53) is therefore ripe for the Court's review.

**I.    LEGAL STANDARD**

The Court construes Annamalai's Motion For Reconsideration (Doc. 53) as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) since, as noted by other courts, motions for reconsideration are not recognized under the Federal Rules of Civil Procedure. *See*, *e.g.*, *In re King*, No. 05-51441, 2005 WL 4030049 at *1 (S.D. Ohio, July 15, 2005) (quoting *Dimeff v. Good (In re Good)*, 281 B.R. 689, 699 (B.A.P. 10th Cir. 2002)). "Motions to alter or amend a judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in

controlling law, or to prevent manifest injustice. To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1998) (citations omitted). "As a general principle, motions for reconsideration are granted if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003) (citing *GenCorp*, 178 F.3d at 834). "Motions for reconsideration do not allow the losing party to 'repeat arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier.'" *Id.* (citation omitted).

## II.    ANALYSIS

Annamalai argues that the Court should alter its previous Order (Doc. 52) to reinstate Annamalai's Complaint (Doc. 39) because it constituted his "original complaint" in this action, and therefore he was not required to seek leave to amend under Fed. R. Civ. P. 15(a). Alternatively, Annamalai requests that the Court reconsider his Complaint (Doc. 39) and its exhibits as if they were a motion for leave to file an amended complaint. Annamalai asserted the same argument and made the same request in his response to the Trustee's Motion to Strike. (Doc. 49 at 2-3.) For this reason alone, they do not constitute proper grounds for alteration of the Court's Order. *See GenCorp*, 178 F.3d at 834. Nonetheless, the Court will address why Annamalai's argument is deficient below, as well as why it will not construe Annamalai's Complaint as a motion for leave to amend.

The Court granted the Trustee's Motion to Strike (Doc. 44) due to Annamalai's failure to obtain leave of Court to file an amended complaint under Fed. R. Civ. P. 15(a)(2). The Court noted

that Annamalai filed the Complaint more than a year after the original complaint in this case – well past the 21 days in which a party may amend a pleading "as a matter of course" under Rule 15(a)(1). As a result, Annamalai was required to seek leave of Court under Rule 15(a)(2), but had failed to do so.

Annamalai argues that the Court should not have found that he was subject to Rule 15(a)(2) because the Complaint (Doc. 39) was his "'first' actual complaint" in this case. (Doc. 53 at 2.) Contrary to Annamalai's assertion, however, the Complaint (Doc. 39) was not the first complaint that he has filed in this case. On June 11, 2014, Annamalai originally filed an "Amended Complaint" (Doc. 10), which the Court *sua sponte* struck for failure to comply with the Federal Rules of Civil Procedure. (Doc. 11.) In his response to the Trustee's Motion to Strike, Annamalai suggested that this "Amended Complaint" should not count against him as his first complaint (Doc. 49 at 2, n.1.), but failed to cite any authority warranting such treatment. Thus, construing the Complaint (Doc. 39) as a proposed amendment to Annamalai's first complaint (Doc. 10), Annamalai was required to seek leave of Court under Rule 15(a)(2). As Annamalai did not seek such leave, his Complaint (Doc. 39) was properly stricken.

The Court also declines Annamalai's renewed request to construe the Complaint (Doc. 39) as if it were a motion for leave to amend. Nothing in the Complaint (Doc. 39) addresses why such leave should be granted under Rule 15(a)(2). In addition, the Trustee's opposition to Annamalai's Motion For Reconsideration cites to limitations on Annamalai's ability to bring lawsuits against certain individuals – which also are not addressed in the Complaint. (Doc. 54 at 1-2; Doc. 54-1.) Thus, even if the Court were inclined to construe the Complaint as a motion for leave to amend, it would not be capable of making such a determination based on the record before it.

### III.  CONCLUSION

For the reasons stated above, the Court rules as follows:

- Annamalai's Motion For Reconsideration (Doc. 53) is **DENIED**; and

- As all of the claims in this case have been resolved, this case is hereby **TERMINATED** on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, August 21, 2015.

> s/Thomas M. Rose
>
> _____
> THOMAS M. ROSE
> UNITED STATES DISTRICT JUDGE