UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEYAKUMAR RATHINAM, et al.,

                  Plaintiffs,

v.

ASHOK SPIRITUAL HEALING CENTER,

                  Defendant.

Case No. 3:14-cv-103

Judge Thomas M. Rose

---

**ENTRY AND ORDER DENYING INTERVENING PLAINTIFF ANNAMALAI
ANNAMALAI'S MOTION FOR RECONSIDERATION (DOC. 57)**

---

Before the Court is the Motion For Reconsideration (Doc. 57) of Intervening Plaintiff Annamalai Annamalai ("Annamalai"), which asks the Court to alter or amend its Order (Doc. 55) denying Annamalai's prior Motion For Reconsideration (Doc. 53).   Intervening Defendant Lloyd Whitaker, Trustee for the Estate of Hindu Temple and Community Center of Georgia, Inc. (the "Trustee") filed a Memorandum Opposing Motion To Reconsider (Doc. 58), in response to which Annamalai filed a Reply (Doc. 59).   This matter is now ripe for the Court's review.

## I.    LEGAL STANDARD

The Court construes Annamalai's Motion For Reconsideration (Doc. 57) as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) since, as noted by other courts, motions for reconsideration are not recognized under the Federal Rules of Civil Procedure.   *See*, *e.g.*, *In re King*, No. 05-51441, 2005 WL 4030049 at *1 (S.D. Ohio, July 15, 2005) (quoting *Dimeff v. Good (In re Good)*, 281 B.R. 689, 699 (B.A.P. 10th Cir. 2002)).   "As a general principle, motions for reconsideration are granted if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change

in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003) (citing *GenCorp*, 178 F.3d at 834). "Motions for reconsideration do not allow the losing party to 'repeat arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier.'" *Id.* (citation omitted).

## II.  **ANALYSIS**

Annamalai fails to identify any clear error of law, newly discovered evidence that was not previously available to the parties, or intervening change in controlling law in support of his Motion For Reconsideration (Doc. 57). Instead, with the exception of the one argument addressed below, Annamalai repeats the same arguments that he made in his prior Motion For Reconsideration (Doc. 53).

Annamalai's only new argument is that he did not receive service of the Trustee's Opposition (Doc. 54) to the prior Motion For Reconsideration (Doc. 53). (Doc. 57 at 1-2.) Annamalai states that he currently resides in a facility in Georgia that has a mail log system, and that the facility's mail log system shows that the Trustee never sent a service copy of his Opposition to Annamalai's current address.[1] (Doc. 57 at 2.) In response, the Trustee asserts that he mailed a service copy of his Opposition to the address that Annamalai provided in his prior Motion For Reconsideration (Doc. 53): 7600 Bayway Drive in Baytown, Texas. (Doc. 58 at 1.) The Trustee argues that he therefore met his service obligations under Fed. R. Civ. P. 5(b)(2)(C) by mailing the Opposition to Annamalai's "last known address." The Trustee is correct. Annamalai's argument that service was defective has no merit.

---

[1] Annamalai's signature block on the Motion For Reconsideration contains the address for the Robert A. Deyton Detention Facility in Lovejoy, Georgia. (Doc. 57 at 5.)

**III.** **CONCLUSION**

For the reasons stated above, the Court rules as follows:

- Annamalai's Motion For Reconsideration (Doc. 57) is **DENIED**; and

- This case remains terminated on the docket of this Court.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, October 14, 2015.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
